[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
In this case, the plaintiff, the City of Torrington's Planning and Zoning Commission, has sued the defendants, James and Helen Hotchkiss, of 57-59 Oak Avenue in Torrington, to obtain the following relief: (1) a temporary and permanent injunction ordering the defendants to comply with Section 6.6 of the Torrington Zoning Regulations by removing all junk and debris from their property; (2) damages; (3) civil penalties, as provided for by General Statutes § 8-12; and (4) attorney's fees and costs of this action pursuant to General Statutes §8-12. The defendants, neither of whom has appeared in this case, have both been defaulted for failure to appear under Section 352 of the Connecticut Practice Book.
By the entry of the above-mentioned defaults, the allegatlons of the plaintiff's complaint were established as a matter of law. According to the complaint, the parties' dispute arose as follows: On or about October 3, 1994, while the defendants were the tenants in possession of the subject property, they were issued a cease and desist order requiring them to correct certain zoning violations on their property. Under the terms of the order, the defendants were advised that
 The accumulation of junk and/or debris in the yard is not a permitted use. Please remove or store said debris within the dwelling. In addition the camper/trailer must be registered with the DMV, if it is not already registered — please do so.
 These conditions violate Section(s) 6.6 of our regulations.
Cease and Desist Order, 10/3/94 (attached as Ex. A to the plaintiff's complaint). The order concluded with the following warning:
 A further inspection will be made of the subject premises after 10 days and, if CT Page 4035 compliance is not established, this matter will be formally referred to our Corporation Counsel for further enforcement proceedings in a court of law. You are hereby informed that failure to comply with this written order within the specified period will subject you to fines of up to $250.00 for each day of continued violation, or imprisonment of not more than ten days for each day of continued violation, or both, pursuant to Section 8-12
of the Connecticut General Statutes.
Cease and Desist Order.
The Complaint further alleges that notwithstanding the issuance of the above-described order, the defendants are currently storing junk and debris on their property in violation of Section 6.6 of the Torrington Zoning Regulations, and thus in violation of General Statutes § 8-12. In support of this allegation, the plaintiff has produced for the Court's inspection a detailed inventory of twenty items or categories of junk which are currently piled, strewn about or otherwise "stored" in full view of the public at 57-59 Oak Avenue in Torrington.[1]
Photographs accompanying the inventory show that the premises at that address have all the appearances of a junkyard, which is expressly disallowed without a proper permit by the Torrington Zoning Regulations.
Having reviewed the established allegations of the plaintiff's complaint, as well as the inventory and photographs supplied by the plaintiff in support of its motion for judgment, the Court hereby concludes: (1) that the defendants are now and have long been in violation of Section 6.6 of the Torrington Zoning Regulations; (2) that the defendants' continuing storage of junk on their property at 57-59 Oak Avenue in Torrington, in violation of such Regulations, constitutes a public nuisance; (3) that the maintenance of such a public nuisance has harmed the plaintiff and will continue to cause the plaintiff irreparable harm as long as it continues; and (4) that the plaintiff, which has already attempted, without success, to force the defendants to comply with the Torrington Zoning Regulations, has no adequate remedy at law for the violations in question. On the basis of these conclusions, and the Court's further finding that neither of the nonappearing defendants is currently in the military or naval service of the United States, the Court hereby concludes CT Page 4036 that judgment should enter for the plaintiff as follows:
 1. The defendants are hereby permanently enjoined from storing junk of any kind or description on the premises known as 57-59 Oak Avenue in Torrington, Connecticut, except as specifically permitted by the plaintiff Planning and Zoning Commission or by any other City official empowered to grant such permission under the Torrington Zoning Regulations. Failure to comply with this order shall result in the imposition of a fine in the amount of $50.00 per day for each day or part thereof on which junk of any kind or description is stored on the subject premises, in violation of the Torrington Zoning Regulations, on or after April 7, 1997.
 2. The defendant shall pay the plaintiff the sum of $750.00 as a reasonable attorney's fee for the prosecution of this action, as provided in Section 8-12
of the Connecticut General Statutes. Payment shall be made on or before April 21, 1997.
 3. The defendants shall also pay the plaintiff the sum of $192.45 to reimburse it for the costs of this action, as provided in Section 8-12 of the Connecticut General Statutes. Payment shall be made on or before April 21, 1997.
So ordered this 2nd day of April, 1997.
SHELDON, J.